IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MURRAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEMPLUS INTERNATIONAL SA, GEMPLUS CORP., STEVEN A. LANDAU, GILLES LISIMAQUE, MARK KRESLOFF, ESQ., BURNS, DOANE, SWECKER & MATHIS, LLP, JASON COHEN, ESQ. and STEVEN KNAUER, ESQ.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 02-6265 |

## NOTICE OF REMOVAL

**TO:　THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

　　　　Defendants Mark Kresloff, Esquire and Burns, Doane, Swecker & Mathis, LLP, through their undersigned counsel, hereby file a Notice of Removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which plaintiff commenced this action, to the United States District Court for the Eastern District of Pennsylvania, and aver as follows[1]:

---

[1]　　Pursuant to 28 U.S.C. § 1446(a), process, pleadings and orders served in this action are being filed concurrently with this Notice and are hereby incorporated herein.

1. Plaintiff Joseph Murray commenced this action by filing a Praecipe to Issue Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania on or about December 12, 2001. (A true and correct copy of the Writ of Summons is attached hereto as Exhibit A). The matter was docketed at No. 01-12001399.

2. On January 30, 2002, a removal petition was filed by defendants Jason Cohen, Esquire and Steven Knauer, Esquire seeking removal on grounds of diversity jurisdiction. The matter was docketed at No. 02-CV-508. On February 28, 2002, plaintiff filed a motion for remand, which was granted by the Honorable Berle M. Schiller.

3. Plaintiff filed a Complaint on July 16, 2002 against defendants Gemplus International, SA, Gemplus Corporation, Maryann Trosino, Steven A. Landau, Scott Azzolina, Gilles Lisimaque, Mark Kresloff, Esquire, Burns, Doane, Swecker & Mathis, LLP, Jason Cohen, Esquire and Steven Knauer, Esquire. Plaintiff alleged that he is a citizen of Pennsylvania along with defendants Trosino and Azzolina.

4. On July 31, 2002, defendants Mark Kresloff, Esquire and Burns, Doane, Swecker & Mathis, LLP filed a Notice of Removal based on the existence of federal question jurisdiction under 28 U.S.C. § 1338(a), which vests exclusive original jurisdiction in the United States District Courts for actions arising under Acts of Congress relating to patents. The remaining defendants joined in and consented to the removal. On August 21, 2002, plaintiff filed a motion for remand, which was granted by the Honorable Berle M. Schiller on October 29, 2002.

5. All defendants filed preliminary objections to the Complaint on November 18, 2002. In response, plaintiff filed an Amended Complaint on December 9, 2002. Among other changes, the Amended Complaint omitted any claims against Maryann Trosino and Scott

Azzolina, the two defendants whom plaintiff alleged were Pennsylvania citizens. Accordingly, there is now, based on the Amended Complaint, complete diversity between the plaintiff and all defendants, creating federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (A true and correct copy of the Amended Complaint is attached hereto as Exhibit B).

6. The citizenship of the parties as alleged in the Amended Complaint is as follows:

(a) Plaintiff Joseph Murray is a citizen of the Commonwealth of Pennsylvania. (Am. Compl. ¶ 2);

(b) While plaintiff fails to allege the citizenship of Defendant Gemplus International SA, plaintiff does allege that Gemplus International SA has "World Headquarters" in Luxembourg, a "Main Office" in France and an "Americas Headquarters" in Redwood City, California. (Am. Compl. ¶ 3). Gemplus International SA is an entity with foreign citizenship organized under the laws of Luxembourg with a principal place of business in Geneva, Switzerland;

(c) Defendant Gemplus Corporation is a citizen of the States of Delaware and California by virtue of its incorporation under the laws of the State of Delaware and its principal place of business in the State of California. See 28 U.S.C. § 1332(c)(1); Am. Compl. ¶ 4;

(d) Defendant Burns, Doane, Swecker & Mathis, LLP is a citizen of the Commonwealth of Virginia (Am. Compl. ¶ 6). None of its partners is a citizen of Pennsylvania;

(e) While plaintiff fails to allege the citizenship of defendant Mark Kresloff, Mr. Kresloff is a citizen of Maryland;

(f) Defendant Steven A. Landau is a citizen of the State of New Jersey. (Am. Compl. ¶ 8);

(g) Defendant Gilles Lisimaque is a citizen of the State of Maryland. (Am. Compl. ¶ 9);

(h) While plaintiff fails to allege the citizenship of defendant Jason Cohen, Mr. Cohen is a citizen of the State of California;

(i) While plaintiff fails to allege the citizenship of defendant Steven Knauer, Mr. Knauer is a citizen of the State of California;

7. Plaintiff seeks damages in this action in excess of $75,000 exclusive of interest and costs (Am. Compl. ¶ 27).

8. This Court is the proper venue for this action pursuant to § 1441(a) because the Court of Common Pleas of Philadelphia County, Pennsylvania, where plaintiff commenced this action, is in the Eastern District of Pennsylvania.

9. This lawsuit is removable from the Court of Common Pleas of Philadelphia County, Pennsylvania pursuant to 28 U.S.C. § 1332(a)(1) and (2) and § 1441(a).

10. Removal of this action is timely under 28 U.S.C. § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

11. Pursuant to 28 U.S.C. § 1446(d), defendants Mark Kresloff, Esquire and Burns, Doane, Swecker & Mathis, LLP are giving plaintiff notice of removal and are filing this

4

notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

      12.    Defendants Gemplus International, SA, Gemplus Corporation, Gilles Lisimaque, Jason Cohen, Esquire, Steven Knauer, Esquire and Steven A. Landau join in and consent to this removal. (A true and correct copy of the Joinder in and Consent to Removal of defendants Gemplus International, SA, Gemplus Corporation, Gilles Lisimaque, Jason Cohen, Esquire, Steven Knauer, Esquire and Steven A. Landau is attached hereto as Exhibit C.)

Date:  December 11, 2002        HANGLEY ARONCHICK SEGAL & PUDLIN

BY: _____

    Mark A. Aronchick
    David J. Wolfsohn
    Shanon Levin Lehman
    One Logan Square, 27th Floor
    Philadelphia, PA  19103
    (215) 568-6200

    Attorneys for Mark Kresloff, Esquire and
    Burns Doane, Swecker & Mathis, LLP

## CERTIFICATE OF SERVICE

I, Shanon Levin Lehman, hereby certify that, I served a true and correct copy of the foregoing Notice of Removal on the following by facsimile on December 11, 2002 and by first-class mail on December 12, 2002:

Paul R. Rosen, Esquire
David B. Picker, Esquire
Spector Gadon & Rosen, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103

*Attorneys for Plaintiff*

Matthew A. Taylor, Esquire
Kelly D. Eckel, Esquire
Duane Morris, LLP
One Liberty Place
Philadelphia, PA 19103

*Attorneys for defendants Gemplus International, SA, Gemplus Corporation, Gilles Lisimaque, Jason Cohen, Esquire and Steven Knauer, Esquire*

John P. McShea, Esquire
McShea & Tecce
Mellon Bank Center
1735 Market Street, 16th Floor
Philadelphia, PA 19103

*Attorneys for defendant Steven A. Landau*

_____
Shanon Levin Lehman